UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TYLER H.,

                Plaintiff,

v.                                                5:21-CV-1216 (GTS/TWD)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

OLINSKY LAW GROUP                  HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     GEOFFREY M. PETERS, ESQ.
 Counsel for Defendant                   Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Tyler H. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Thérèse Wiley Dancks recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's objection to the Report and Recommendation, and (3) Defendant's memorandum of law in response to Plaintiff's objections. (Dkt. Nos. 19, 21, 22.) For the reasons set forth below, the

Report and Recommendation is accepted and adopted in its entirety.

I.     **RELEVANT BACKGROUND**

    A.     **Magistrate Judge Dancks' Report-Recommendation**

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following two findings of fact and conclusions of law. (Dkt. No. 19.) First, Magistrate Judge Dancks found and concluded that ALJ did not err in evaluating the Paragraph C criteria for Plaintiff's impairments (i.e., requiring a mental impairment to be [1] "serious and persistent," [2] established by a medically documented history of the existence of the disorder over a period of at least two years, and [3] with evidence of both ongoing treatment and marginal adjustment, meaning "minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life") at Step Three of the five-step sequential evaluation process to determine whether an individual is disabled as defined by the Act (at which step the ALJ determines whether the claimant has an impairment or combination of impairments that meets or medically equals the severity of the specified impairments in the Listing of Impairments). (*Id*. at 9-16.) More specifically, Magistrate Judge Dancks found and concluded that, although Plaintiff certainly has long-standing mental impairment, the ALJ properly found the record does not establish that Plaintiff "has only marginal adjustment, that is, a minimal capacity to adapt to changes in his environment or to demands that are not already part of his daily life." (*Id*. at 12.) Rather, Magistrate Judge Dancks noted, the ALJ properly found that Plaintiff was able to complete two to three years of college, perform activities of daily living, and attend social events and travel. (*Id*. at 13-15.)

Second, Magistrate Judge Dancks found and concluded that the Appeals Council did not err by failing to consider new evidence submitted to the Appeals Council after the hearing before

2

the ALJ, because the new evidence did not alter the weight of the evidence before the ALJ so dramatically as to render the ALJ's decision unsupported by substantial evidence. (*Id*. at 16-19.) More specifically, Magistrate Judge Dancks found that (a) the new evidence consisted of third-party statements from Plaintiff's mother and sister, (b) the new evidence largely comports with evidence already in the record, and (c) the evidence adds nothing to support the opinion of treating psychologist Dr. Robbi Tannenbaum Saletsky, Ph.D., which the ALJ found to be improperly supported by her own progress notes and inconsistent with record evidence (including examinations conducted by other physicians and Plaintiff's wide-ranging activities). (*Id*.)

    **B.**  **Plaintiff's Objections to the Report-Recommendation**

    Generally, in his Objections, Plaintiff asserts two challenges to Magistrate Judge Dancks' Report-Recommendation. (Dkt. No. 21.) First, Plaintiff argues that the ALJ erred in denying Plaintiff's claim, because his mental health impairments meet the severity required by the Listings and thus he should have been found disabled at Step Three. (*Id*. at 1-2.) More specifically, Plaintiff argues that (a) the ALJ failed to analyze the Paragraph C criteria and instead made a boilerplate recitation of those criteria without specifically referring to supporting or contradictory evidence, (b) the evidence supports a finding of decompensation under Paragraph C, which the ALJ disregarded without providing an explanation for doing so, and (c) the ALJ did not follow the Western District's holding in *Jablonski v. Commissioner of Social Security*, 18-CV-0597, 2019 WL 4439453, at *7-9 (W.D.N.Y. Sep. 13, 2019), without attempting to distinguish that case. (*Id*.)

    Second, Plaintiff argues that the Appeals Council erred in failing to consider additional evidence submitted post-hearing, because it was new, it was material, it relates to the period on

3

or before the date of the hearing decision, and it probably would have changed the outcome of the decision. (*Id*. at 2-3.) More specifically, Plaintiff argues that (a) the new evidence (i.e., letters from Plaintiff's mother and sister) is material, because it provides additional evidence that is consistent with the opinion offered by Dr. Saletsky, and (b) Magistrate Judge Dancks erroneously found finds that the Commissioner's decision is controlled by a substantial-evidence standard of review when in fact it is also controlled by legal-error standard of review (which it fails). (*Id*.)

      **C.**      **Defendant's Response to Plaintiff's Objections**

Generally, in response to Plaintiff's Objections, Defendant asserts the following three arguments. (Dkt. No. 22.) First, Defendant argues that, because Plaintiff's Objections were untimely filed, they are entitled to only a clear-error review. (*Id*. at 2.)

Second, in response to Plaintiff's first argument (i.e., that the ALJ failed to analyze the Paragraph C criteria), Plaintiff argues that Magistrate Judge Dancks reasonably determined that the ALJ had supportably concluded that Plaintiff did not meet the Paragraph C criteria of the Listings. (*Id.* at 2-4.) For example, Defendant argues that, elsewhere in his decision, the ALJ had outlined evidence showing Plaintiff had more than marginal adjustment to changes in his environment or to new demands on his daily life. (Id.) In addition, Defendant argues that Magistrate Judge Dancks acknowledged *Jablonski* without expressly referencing it, and explained that more relevant authority showed that no greater Paragraph C analysis is required where (as here) the ALJ's reasoning is clear from the remainder of the decision. (*Id*.) Finally, Defendant argues that Plaintiff's first argument merely repeats an argument from his initial brief. (*Id.*)

Third, in response to Plaintiff's second argument (i.e., that the Appeals Council erred in

failing to consider additional evidence submitted post-hearing), Plaintiff argues that Magistrate Judge Dancks reasonably concluded that the third-party statements submitted to the Appeals Council were not material (in that they did "not show a reasonable probability" of changing the ALJ's decision). (*Id*. at 4-5.) More specifically, Defendant argues, that (a) although Plaintiff believes Magistrate Judge Dancks erred in making this finding, he fails to explain why she erred, (b) as Magistrate Judge Dancks explained, the third-party layperson statements were largely duplicative of "evidence already in the record," and they would be unlikely to change the ALJ's evaluation of the opinion from Dr. Saletsky, and (c) Plaintiff is mistaken when he argues that the substantial evidence standard is improper for reviewing the Appeals Council's decision. (*Id.*) Finally, Defendant argues that Plaintiff's second argument merely repeats an argument from his initial brief. (*Id.*)

## II.   APPLICABLE LEGAL STANDARD

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1]

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

---

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

*clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*⁴

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

³    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

⁴    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**III.     ANALYSIS**

After carefully reviewing the relevant findings in this action, including Magistrate Judge Dancks' thorough Report-Recommendation and the parties' responses thereto, the Court can find no error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 19.) Generally, the Court renders this finding for all the reasons stated in the Report-Recommendation, and for the second and third reasons stated in Defendant's response to Plaintiff's Objections. (*See generally*, Dkt. No. 19, at 9-19; Dkt. No. 22 at 1-2.)  *See also, supra*, Part I.C. of this Decision and Order.  To those reasons, the Court adds the following two points.

First, the Court finds that Plaintiff's Objections were timely filed within the 14-day deadline. Magistrate Judge Dancks' Report Recommendation was served on January 30, 2023, not January 27, 2023 as Defendant states. (*Compare* Dkt. No. 19 *with* Dkt. No. 22, at 1.) Plaintiff's Objections were filed on February 13, 2023. (Dkt. No. 21.)

Second, the Court finds that, as a threshold matter, Plaintiff's two challenges merely repeat arguments presented in his initial Brief. (*Compare* Dkt. No. 21, Points 1-2 *with* Dkt. No. 15, Points 1-2.) As a result, the Court finds that "challenged" portions of the Report-Recommendation warrant only a clear-error review. *See, supra*, Part II of this Decision and Order. The Court finds they survive that review.  In any event, even if the Court were to find that Plaintiff's arguments did not merely reiterate arguments presented in his initial Brief, the Court would find that they survive a *de novo* review (again, for all the reasons stated in the Report-Recommendation, and the second and third reasons stated in Defendant's response to Plaintiff's Objections).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 27, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge